IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASIL HENNEN,

      Petitioner,                    No. 2:12-cv-2770 GGH P

  vs.

ELVIN VALENZUELA, Warden,

      Respondent.               ORDER

_____/

      Petitioner is a state prisoner proceeding with retained counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee and consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. Section 636(c).  Petitioner filed a petition on November 8, 2012, which has been superseded by a first amended petition filed the next day.  L.R. 220 (see docket # 1 and # 4).  In 1994, petitioner states that he was convicted by a jury in Los Angeles County Superior Court of one count of second degree murder (Cal. Pen. Code § 187), and one count of involuntary manslaughter (Cal. Pen. Code § 192(b)), and was sentenced to a state prison term of fifteen years with the possibility of parole (the involuntary manslaughter count resulted in a three-year sentence to be served concurrently with the second-degree murder conviction).  AP, p. 2.  Petitioner challenges the January 28, 2011, decision by Governor Brown reversing the California Board of Parole Hearings (BPH) grant of

1

parole on February 2, 2010. AP, p. 5. Specifically, petitioner claims that his due process rights were violated by the Governor "arbitrarily blocking" his parole release in light of the liberty interest created by California's parole scheme. Id.

In a per curiam decision, the United States Supreme Court found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding), the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, 131 S. Ct. at 862.

Citing Greenholtz,[1] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, 131 S. Ct. at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

\\\\\

---

[1] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, 131 S. Ct. at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862.

One of the petitioners in Swarthout (Elijah Clay) was an inmate who had been determined to be suitable for parole by the BPH which determination had been subsequently reversed by the governor. 131 S. Ct. at 861. The Swarthout Court did not distinguish between this circumstance and the one involving a parole board decision denying parole on the question of the due process to which a petitioner is entitled. Id., at 862. In Swarthout, the Supreme Court noted that both petitioners had received the requisite due process by having been "allowed to speak at their parole hearings and to contest the evidence against them," and had been "afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The court's review of the February 24, 2010, transcript of petitioner's subsequent parole consideration hearing, submitted by petitioner, demonstrates that petitioner, who had counsel at the hearing, was afforded an ample opportunity to speak. See AP, Exhibit (Ex.) E (docket # 4-4), pp. 1- 117.[2] Petitioner was provided a statement of reasons for the governor's reversal, in a decision dated January 28, 2011. AP, Ex. I. Post-Swarthout, the Ninth Circuit made clear that "[b]ecause there is no Supreme Court precedent holding that a state governor

---

[2] When the Decision Review Unit later recommended that the proposed parole suitability decision at the Feb. 24, 2010, hearing be disapproved and a rehearing set because petitioner's proposed residence did not adhere to the victim's family's wishes for petitioner not to reside within 35 miles of their home, at an en banc BPH hearing, the BPH voted its disapproval of the proposed suitability decision and to schedule a rehearing. AP, Exs. F & G. Petitioner was informed that if he should locate a residence more than 35 miles from the family of the victim before June 24, 2010, the hearing would be cancelled and the Feb. 24th 2010, parole grant reinstated. Thereafter, at a September 2, 2010, hearing, a BPH panel determined that petitioner had met the June 24th deadline, and the previous panel's decision and that of the en banc BPH were allowed to stand. AP, Ex. H.

1 must conduct a second parole hearing before reversing a parole board's favorable decision," any
2 such habeas corpus claim "necessarily fail[s]." Styre v. Adams, 645 F.3d 1106, 1109 (9th Cir.
3 2011), citing Harrington v. Richter, ___ U.S.___, 131 S.Ct. 770, 786 [] (2011).   Thus, it appears
4 there is no federal due process requirement for a "some evidence" review and it also appears that
5 federal courts are precluded from review of the state court's application of its "some evidence"
6 standard regardless whether parole eligibility was denied at the BPH level or that of the governor.

Accordingly, IT IS HEREBY ORDERED that this petition is dismissed for the reasons set forth above.

DATED: December 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
henn2770.osc